18-0193
*Mogul Media, Inc., et al. v. City of New York, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of December, two thousand and eighteen.

Present:
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON
> > *Circuit Judges.*
> GEOFFREY W. CRAWFORD
> > *District Judge*\*

---

MOGUL MEDIA, INC., ET AL.,

> *Plaintiffs-Appellants*,

> v.                                          18-0193

CITY OF NEW YORK, ET AL.

> *Defendants-Appellees*.†

---

\* Chief Judge Geoffrey W. Crawford, of the United States District Court for the District of Vermont, sitting by designation.

† The Clerk of the Court is directed to amend the caption as set forth above.

For Plaintiffs-Appellants:    RICHARD T. WALSH, Horing, Welikson & Rosen, P.C., Williston Park, NY.

For Defendants-Appellees:    JEREMY W. SHWEDER, Assistant Counsel (Richard Dearing and Claude S. Platton, of counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Engelmayer, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiffs, owners or lessees of property in the City of New York on which billboards are or have been displayed, appeal from an Opinion and Order of the United States District Court for the Southern District of New York (Engelmayer, *J.*) granting the City of New York's ("City") Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs appeal the district court's judgment holding that the City did not violate their First Amendment rights.[1] We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review. The standard of review is well known.[2]

---

[1] Plaintiffs brought additional claims under federal law but do not challenge the dismissal of those claims on appeal.

[2] We review "the dismissal of a complaint under Rule 12(b)(6) *de novo*, taking as true the material facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff." *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). To survive a motion to dismiss under

Plaintiffs challenge the constitutionality of New York City Zoning Resolution ("ZR") §§ 42-55 and 32-662,[3] as applied to their properties. They contend that because the City "zon[ed] City owned parks and properties differently from other lands similarly situated and owned by private owners," J.A. 31–32, for the purpose of advancing "a money making scheme," Appellant Br. 24, the City violated their First Amendment rights. Plaintiffs point to offsite advertising signs permitted at the New York Metropolitans' Citi Field ballpark, located within the City-owned Flushing Meadows-Corona Park, to support their argument that ZR §§ 42-55 and 32-662 are unconstitutionally underinclusive.

However, the City neither exempted Flushing Meadows-Corona Park from ZR §§ 42-55 and 32-662, nor deliberately zoned the parkland so as to avoid those regulations. Flushing Meadows-Corona Park is not zoned, a designation that has not changed since at least 1961. City-owned parkland is governed by the public trust doctrine, a state common law theory under which "[o]nly the state legislature has the power to alienate parkland." *Avella v. City of New York*, 29 N.Y.3d 425, 431 (2017). "Even though a municipality may own the land dedicated to public use, ' . . . the power to regulate those

---

rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is properly dismissed, where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Id.* at 558.

[3] ZR §§ 42-55 and 32-662 prohibit arterial highway "offsite" advertising signs in high-density commercial and manufacturing districts, respectively, but permit so-called "onsite" signs.

uses [is] vested solely in the [state] legislature.'" *Id.* at 431 (first brackets in original) (quoting *Potter v. Collis*, 156 N.Y. 16, 30 (1898)). In 1961 the State authorized construction of Shea Stadium (later replaced by Citi Field) and appurtenant structures at Flushing Meadow Park (now Flushing Meadows-Corona Park), codified in section 18-118 of the Administrative Code of the City of New York. *See also id.* at 432–35 (outlining grant of alienation of Flushing Meadow Park).

Therefore, any challenge premised on the allegation that the City deliberately zoned Plaintiffs' property differently from its own parkland property has no basis in law or fact. The City does not have the authority to regulate Flushing Meadows-Corona Park. At most, New York *State* allowed construction of Citi Field and appurtenant structures, including the signs of which Plaintiffs complain.

We have considered Plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4